UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE COURTLAND COMPANY, INC.,
a West Virginia Business
Corporation,

       Plaintiff,

v.                          Civil Action No. 2:18-cv-01230

UNION CARBIDE CORPORATION,
a New York Corporation,

       Defendant.

MEMORANDUM OPINION & ORDER

       Pending is a motion to dismiss filed by the defendant Union Carbide Corporation on September 28, 2018 (ECF No. 13).[1]

I.   Background

       The plaintiff and the defendant are corporations that own adjoining parcels of real property near Davis Creek in Kanawha County, West Virginia.  See ECF No. 1 at 3–4, 8.  The plaintiff's complaint alleges that the defendant has used its

-----

[1] The defendant's motion to dismiss was filed jointly with then co-defendant, Dow Chemical Company, Inc.  See ECF No. 13.  On May 28, 2019, the parties filed a stipulation of dismissal of all claims against Dow Chemical without prejudice.  See ECF No. 60.  Dow Chemical was terminated from this action pursuant to the stipulation of dismissal.

property, called the "UCC Tech Center,"[2] to store hazardous and toxic materials, which have been released into the nearby environment including the plaintiff's property.  See id. at 1–2, 8–22.  Based on these allegations, the plaintiff asserts nine federal- and state-law causes of action: (1) recovery of response costs and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g); (2) citizen suit relief for violations of § 7002(a)(1)(A) of the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6972(a)(1)(A), and the West Virginia Hazardous Waste Management Act; (3) citizen suit relief for judicial abatement of an imminent and substantial endangerment under § 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B); (4) judicial abatement of a public nuisance; (5) private nuisance; (6) negligence; (7)

---

[2] In its complaint, the plaintiff refers to the property as the "UCC Facility."  See ECF No. 1, passim.  The plaintiff alleges that the property is also sometimes called "the 'West Virginia Regional Technology Park,' the 'South Charleston Technology Park,' or simply the 'Technology Park.'"  Id. at 8.  As explained more fully herein, the court, in a closely related case, addressed a motion to dismiss raising very similar arguments to those raised in the current motion, and, in that order, referred to the property as the "UCC Tech Center."  See Mem. Op. & Order, Courtland Co., Inc. v. Union Carbide Corp. ("Courtland II"), No. 2:19-cv-00894 (S.D.W. Va. Aug. 26, 2020), ECF No. 75.  For the sake of consistency in the two cases, the court will refer to the property as the UCC Tech Center in this memorandum opinion and order.

negligence <u>per se</u>; (8) gross negligence; and (9) strict
liability.  <u>See</u> ECF No. 1 at 23–36.

## II.  Discussion

In a closely related case, the plaintiff filed a
similar complaint against the defendant relating to two other
parcels of real property, called the Filmont Landfill and the
UCC Railyard, owned by the defendant that are also adjacent to
the property owned by the plaintiff.  <u>See</u> Compl., "Courtland
II", No. 2:19-cv-00894 (2019), ECF No. 1.  In that case, the
defendant also filed a motion to dismiss, raising many of the
same arguments it raises in the motion now before the court.
<u>Compare</u> Memo. in Supp. of Mot. to Dismiss, <u>Courtland II</u>, No.
2:19-cv-00894 (Jan. 8, 2020), ECF No. 10, <u>and</u> Reply, <u>Courtland
II</u>, No. 2:19-cv-00894 (Feb. 18, 2020), ECF No. 21, <u>and</u> Suppl.
Br., <u>Courtland II</u>, No. 2:19-cv-00894 (Feb. 26, 2020), ECF No.
24, <u>with</u> ECF No. 14, <u>and</u> ECF No. 28, <u>and</u> ECF No. 132.  In an
August 26, 2020 memorandum opinion and order, the court rejected
most of the arguments the defendant raised and denied the motion
to dismiss except with respect to the plaintiff's state-law
claim for negligence <u>per se</u>.  <u>See</u> Mem. Op. & Order, <u>Courtland
II</u>, No. 2:19-cv-00894 (Aug. 26, 2020), ECF No. 75.

Aside from certain exceptions discussed below, the
court concludes that the allegations of the complaints and the

3

arguments regarding dismissal in the two cases are sufficiently similar that the analysis set forth in the court's memorandum opinion and order disposing of arguments raised in the defendant's motion to dismiss in Courtland II applies to the arguments raised in the current motion.  Accordingly, the court incorporates the memorandum opinion and order entered in Courtland II herein by reference and, except to the extent discussed below, applies its reasoning to this motion.

A.    Alleged RCRA Violations

        As the court has noted, there are some differences between the complaints and arguments raised in the two cases that must be addressed.  First, the complaints allege somewhat different RCRA violations.  In the memorandum opinion and order entered in Courtland II, the court concluded that Count II of the complaint survived a Fed. R. Civ. P. 12(b)(6) challenge because the complaint plausibly alleged current and ongoing violations of RCRA, namely, that the defendant operated or closed a facility for the treatment, storage, or disposal of hazardous wastes without a permit and that the defendant failed to put into place financial assurance instruments for the closure and post-closure care of a hazardous waste disposal facility.  See Mem. Op. & Order at 19–23, Courtland II, No. 2:19-cv-00894.  Likewise, the court concluded that the RCRA-

related claims survived a Fed. R. Civ. P. 12(b)(1)
jurisdictional challenge because of the allegations of "multiple
violations of Subchapter III of RCRA in [the] complaint." <u>See</u>
<u>id.</u> at 16.

Although the complaint in this case does not allege
the same violations of RCRA that are alleged in the <u>Courtland II</u>
complaint, it plausibly alleges a current and ongoing violation
of RCRA Subchapter III, namely, that the defendant operated or
closed the UCC Tech Center for the treatment, storage, or
disposal of hazardous wastes without a permit. <u>See</u> ECF No. 1 at
25. Accordingly, the court concludes it survives the Rule 12(b)
challenges brought by the defendant, as discussed further
herein.

B.   <u>Matters Outside the Pleadings</u>

Next, the defendant relies on certain exhibits
attached to its motion to dismiss in support of its arguments
that the RCRA-related claims should be dismissed pursuant to
Rules 12(b)(1) and (6).

1. Rule 12(b)(1) Motion to Dismiss

As the court explained in <u>Courtland II</u>:

Prior to commencing a citizen suit for an
alleged violation of RCRA, a plaintiff must (1)
provide notice of the alleged violation to the EPA

> Administrator, the State in which the alleged
> violation occurred, and the defendant alleged to have
> committed the violation; and (2) observe a waiting
> period of 60 days for a subsection (a)(1)(A) suit, or
> 90 days for a subsection (a)(1)(B) suit. . . .   An
> exception to the waiting period requirement exists for
> actions brought under either subsection to allege
> violations of Subchapter III of RCRA (i.e., management
> of hazardous waste), which may be brought immediately
> after the notice to the required parties.

Mem. Op. & Order, Courtland II, at 15, No. 2:19-cv-00894.  In

the Fourth Circuit, RCRA's notice-and-delay provisions for

citizen suits are considered jurisdictional.  See City of

Hurricane v. Disposal Serv. Inc., 36 F. Supp 3d 692, 697 (S.D.W.

Va. 2014) (citing Beazer E., Inc. v. U.S. Navy, 111 F.3d 129,

1997 WL 173225, at *5 (4th Cir. 1997) (unpublished table

decision)).

        The plaintiff acknowledges that it did not satisfy

RCRA's notice-and-delay provisions.  See ECF No. 1 at 27, 29.

As discussed above, however, the plaintiff has plausibly alleged

a violation of RCRA Subchapter III and thus asserts it was not

required to satisfy those provisions.  See id.  In response, the

defendant points to Exhibit 4 (ECF No. 13-4), which is attached

to its motion.  The defendant asserts that Exhibit 4 is a permit

issued by the EPA, allowing the defendant to manage hazardous

waste at the UCC Tech Center in the manner prescribed by the

permit.  See ECF No. 14 at 6, 14.  Based on Exhibit 4, the

defendant argues that the plaintiff's RCRA-violation claim in

6

Count II should be dismissed pursuant to Rule 12(b)(1) because the complaint fails to "credibly allege any current violation" of RCRA Subchapter III and thus is not excepted from RCRA's jurisdictional notice-and-delay provisions.  <u>Id.</u> at 14.

When confronted by a factual challenge to a complaint's jurisdictional allegations concerning a violation of RCRA Subchapter III, the "proper test" is to determine "whether [the] plaintiff has sufficiently made a good faith allegation for jurisdictional purposes," meaning the court should ask "'whether it appears to be a *legal certainty* that the jurisdictional fact is *not* satisfied.'"  <u>City of Hurricane</u>, 36 F. Supp. 3d at 697 (emphasis added in <u>City of Hurricane</u>) (quoting <u>Ohio Valley Envtl. Coal. v. Elk Run Coal Co., Inc.</u>, 24 F. Supp. 3d 532, 538 (S.D.W. Va. 2014)).  This jurisdictional inquiry is a "low standard" that "places only a minimal burden upon the plaintiff."  <u>Id.</u> at 698.  And, when a defendant challenges the veracity of jurisdictional facts alleged in the complaint that are "inextricably intertwined" with facts central to the complaint's claims, jurisdiction should be assumed unless the jurisdictional allegations are "clearly immaterial" or "wholly unsubstantial and frivolous."  <u>Id.</u> (emphasis omitted) (quoting <u>Kerns v. United States</u>, 585 F.3d 187, 193 (4th Cir. 2009)).

7

Applying this low bar here, the court concludes that, even considering Exhibit 4, the defendant's jurisdictional argument must be rejected.  The defendant challenges a jurisdictional fact, i.e., that the plaintiff alleges a violation of RCRA Subchapter III and thus need not comply with RCRA's notice-and-delay provisions—that the plaintiff has alleged in its complaint.  The veracity of that jurisdictional fact is inextricably intertwined with a fact central to the plaintiff's complaint, i.e., that the defendant violated RCRA Subchapter III.  Thus, the court will "assume jurisdiction" and will not "resolve the relevant factual disputes" until "after appropriate discovery unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." Kerns, 585 F.3d at 193.  The complaint's jurisdictional allegation, i.e., that the defendant violated RCRA Subchapter III, is not "clearly immaterial" or "made solely for the purpose of obtaining jurisdiction."  Id. (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).  If anything, it is "clearly" material because it is a central claim of the complaint.  Nor is the court able to say that the plaintiff's jurisdictional allegation is wholly unsubstantial or frivolous.  Accordingly, the court concludes that resolving the factual dispute, inextricably intertwined with the merits of the case, is inappropriate at this stage. See id. (explaining that, in these circumstances, "the court

8

should resolve the relevant factual disputes only after
appropriate discovery"). The defendant's motion to dismiss must
be denied to the extent it seeks to challenge Count II on
jurisdictional grounds.

### 2. Rule 12(b)(6) Motion to Dismiss

Next, the defendant points to Exhibit 2 (ECF No. 13-2)
and Exhibit 3 (ECF No. 13-3), also attached to its motion to
dismiss. The defendant claims Exhibit 2 contains a 1999
facility lead agreement it entered into with the U.S.
Environmental Protection Agency ("EPA"), in which the defendant
agreed to delineate releases of materials from the UCC Tech
Center into groundwater and to implement interim measures to
eliminate human exposure to, and groundwater contamination from,
hazardous waste or materials. See ECF No. 14 at 17. The
defendant claims that Exhibit 3 is a 2010 final decision from
the EPA stating that a corrective action plan relating to the
UCC Tech Center issued by the West Virginia Department of
Environmental Protection is appropriate and will be protective
of human health and the environment. See id. Based on Exhibits
2 and 3, the defendant argues that the plaintiff's RCRA
imminent-and-substantial-engagement claim in Count III should be
dismissed pursuant to Rule 12(b)(6) because the plaintiff cannot
"credibly plead that [the defendant]'s handling of hazardous

wastes created an imminent and substantial endangerment to health or the environment" Id. (internal quotation marks omitted); see also ECF No. 28 at 11, 13.

"In resolving a motion pursuant to Rule 12(b)(6) . . . , a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013).  "A court may, however, consider . . . documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Id. (internal quotation marks and brackets omitted) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).  With respect to authenticity, the Fourth Circuit has held that, ordinarily, the court may consider an extrinsic document "only . . . when 'the plaintiff[] do[es] not challenge the document's authenticity." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606–07 (4th Cir. 2015) (internal brackets omitted) (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)); see also Goines v. Valley Comty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (permitting courts to "consider a document submitted by the movant . . . so long as . . . there is no dispute about the document's authenticity").  Although "[t]he Fourth Circuit has not definitively set forth a standard for deciding when a

document attached to a motion to dismiss should be considered 'integral' to a complaint," it has relied on Second Circuit case law to suggest that the "relevant inquiry . . . include[s] whether the complaint's 'claims turn on, or are otherwise based on, statements contained in the document.'" United States v. Savannah River Nuclear Sols., LLC, No. 1:16-cv-00825-JMC, 2016 WL 7104823, at *6 (D.S.C. Dec. 6, 2016) (internal brackets and ellipses omitted) (quoting Goines, 822 F.3d at 166); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a document is "integral to the complaint" "where the complaint relies heavily upon its terms and effect" (internal quotation marks omitted)), cited in Goines, 822 F.3d at 166.

The court concludes that it may not consider Exhibit 2 or Exhibit 3 under this exception.  First, the plaintiff disputes the exhibits' authenticity.  See ECF No. 25 at 20.  Although, in its reply brief,[3] the defendant goes to great lengths in an attempt to demonstrate that the exhibits are authentic, see ECF No. 28 at 4 (citing ECF No. 28-1 at 2-3), the fact remains that the plaintiff disputes their authenticity,

---

[3] Notably, because the defendant attempts to demonstrate the exhibits' authenticity for the first time in a reply brief, the plaintiff has been deprived of an opportunity to respond to the defendant's arguments.

which, under Fourth Circuit precedent, prevents the court from considering them, see Goines, 822 F.3d at 166; Zak, 780 F.3d at 606–07; Trigon Healthcare, 367 F.3d at 234.[4]

Second, the exhibits are not integral to the complaint.  Although the plaintiff's complaint references the exhibits in passing, see ECF No. 1 at 10, Count III is not based on and does not turn on these documents.  Count III brings an imminent-and-substantial-endangerment citizen-suit claim, which is statutorily authorized against a defendant whose past or present management of hazardous waste "present[s] an imminent and substantial endangerment to health or the environment."  42 U.S.C. § 6972(a)(1)(B).  The claim thus is based on and turns on whether the defendant's management of hazardous waste at the UCC Tech Center presents an imminent and substantial endangerment, not whether an agreement with or decision from the EPA says it does.  See Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 505 (4th Cir. 2015) ("[C]laims under subsection (a)(1)(B)

---

[4] Citing Verrier v. Sebelius, No. CCB-09-402, 2010 WL 1222740 (D. Md. March 23, 2010), the defendant argues that the court may consider extrinsic documents even if the plaintiff disputes their authenticity if the defendant demonstrates their authenticity in a reply brief.  See ECF No. 28 at 4.  In Verrier, however, the defendant submitted a motion to dismiss or, in the alternative, for summary judgment, and the court considered the documents under the summary judgment standard rather than the Rule 12(b)(6) standard.  See Verrier, 2010 WL 1222740, at *1, 6–7, 12.

may be brought regardless of whether the plaintiff can
demonstrate that the defendant's actions violated a specific
RCRA-based permit.  The district court has authority to restrain
any person who has 'contributed or who is contributing to the
past or present handling, storage, treatment, transportation, or
disposal of any solid or hazardous waste.'" (internal citation
omitted) (quoting 42 U.S.C. § 6972(a)); see also Goines, 822
F.3d at 166 ("Although the complaint included a few quotes from
and references to the [document], [the plaintiff's] claims do
not turn on, nor are they otherwise based on, statements
contained in the [document].")[5]

        The defendant also argues that the court may consider
Exhibit 2 and Exhibit 3 because they are in the public record.
The Fourth Circuit has "recognized a narrow exception to [the
Rule 12(b)(6)] standard, under which courts are permitted to
consider facts and documents subject to judicial notice without
converting the motion to dismiss into one for summary judgment."
Zak, 780 F.3d at 607.  If a document is otherwise subject to

---

[5] The defendant cites to a "higher standard," Savannah River,
2016 WL 7104823, at *6, some courts have employed to determine
whether an extrinsic document is "integral," namely, that the
document "'by its very existence, and not the mere information
it contains, gives rise to the legal rights asserted,'" ECF No.
14 at 8 (quoting Chesapeake Bay Found., Inc. v. Severstal
Sparrows Point, LLC, 794 F. Supp. 2d 602 (D. Md. 2011)).  The
defendant would not prevail under this standard.

judicial notice under Fed. R. Evid. 201, "a court [may]
consider[] relevant facts from the public record at the pleading
stage," but "the court must construe such facts in the light
most favorable to the plaintiff[]." Id. Further, "whether a
fact [from the public record] properly is considered under this
exception depends on the manner in which a court uses" it. Id.
A court typically may not use the contents of a public record to
contradict the allegations of the complaint. See id. (citing
Clatterbuck v. City of Charlottesville, 708 F.3d 549, 558 (4th
Cir. 2013), abrogated on other grounds by Reed v. Town of
Gilbert, 576 U.S. 155 (2015)); see also Goldfarb, 791 F.3d at
511 ("[J]udicial notice must not 'be used as an expedient for
courts to consider matters beyond the pleadings and thereby
upset the procedural rights of litigants to present evidence on
disputed matters.'" (quoting Waugh Chapel S., LLC v. United Food
& Com. Workers Union Local, 728 F.3d 354, 360 (4th Cir. 2013)).

        Here, even if the court considered the exhibits, it
could not rule in the defendant's favor.  The defendant asks the
court to use the exhibits in an effort to establish that the
plaintiff cannot "credibly plead that [the defendant]'s handling
of hazardous wastes has created an imminent and substantial
endangerment to health or the environment."  ECF No. 14 at 17.
Doing so, however, would require the court to ignore its duty to

view the exhibits in the plaintiff's favor.  As the defendant itself describes the exhibits, they state only that the defendant agreed to implement measures with the <u>goal</u> of eliminating human exposure to and environmental contamination from hazardous waste and that EPA determined that a corrective action plan <u>will</u> be protective of human health and the environment.  <u>See</u> <u>id.</u>  Inferring from these exhibits that the defendant has not created an imminent and substantial endangerment to health or the environment would require the court to view them in a light favorable to the defendant, which the court may not do.  <u>See</u> <u>Zak</u>, 780 F.3d at 607.  Further, using the exhibits as the defendant suggests would require the court to rely on the contents of the exhibits to contradict the allegations of the complaint and thereby resolve disputed factual matters, which, again, the court may not do.  <u>See</u> <u>Goldfarb</u>, 791 F.3d at 511; <u>Zak</u>, 780 F.3d at 607; <u>Waugh Chapel</u>, 728 F.3d at 360; <u>Clatterbuck</u>, 708 F.3d at 558.

     In sum, to the extent the court may consider the exhibits the defendant submitted, the court concludes that doing so does not allow the court to grant the defendant's motion to dismiss the RCRA-related claims.

C.    **Strict liability**

Lastly, unlike in Courtland II, the defendant argues
that the plaintiff's claim for strict liability must be
dismissed on the ground that heavily-regulated activities cannot
be abnormally dangerous as a matter of law because a pervasive
regulatory scheme presupposes that the activity can be conducted
in a manner that is not abnormally dangerous.[6]  See ECF No. 14 at
22-23.

As the court stated in Courtland II, "[w]hether an
activity or instrumentality qualifies as 'abnormally dangerous'
is a question of law for the court," and "[i]n determining
whether an activity is abnormally dangerous, courts must balance
six factors."  Mem. Op. & Order at 49, Courtland II, No. 2:19-
cv-00894 (citing, inter alia, Crum v. Equity Inns, Inc., 685
S.E.2d 219, 230 (W. Va. 2009) (per curiam)).  Despite its
assertion that courts do not view heavily-regulated activities
as abnormally dangerous, the defendant fails to cite a West
Virginia authority that supports this proposition, and the court
is not aware of any.  As in Courtland II, the parties do not
address the six-factor balancing test, and, given the court's

---

[6] In Courtland II, the defendant raised this argument only in
passing in its reply brief, see ECF No. 10 at 25-26; ECF No. 21
at 14, and the court did not address it in its memorandum
opinion and order.

16

limited ability to review and balance the six factors at this stage and the requirement to draw all inferences in the plaintiff's favor, the court must deny the motion to dismiss the strict-liability claim.  See id. at 51–53.

D.   Remaining Claims

As previously explained, the remaining claims in the complaints and the parties' arguments regarding them are sufficiently similar to the corresponding claims and arguments in Courtland II that the court's treatment of the motion to dismiss in Courtland II suffices for purposes of the current motion, with the exception of the issues discussed above.  More specifically, as in Courtland II, the complaint here alleges that the defendant has "caused the "release of toxic, noxious, harmful and hazardous contaminants" from its property "into the environment" and the plaintiff's property.[7]  ECF No. 1 at 1–2. And, as in Courtland II, based on these allegations, the complaint asserts, aside from the RCRA-related and strict-liability claims already discussed, claims for recovery of response costs and declaratory relief under CERCLA, public

---

[7] The plaintiff plausibly alleges that the presence, release, and threatened continued release of acetone, 2-butanone, di-n-butyl phthalate, arsenic, badium, cadmium, chromium, lead, and selenium from the UCC Tech Center.  ECF No. 1 at 13–19.

nuisance, private nuisance, negligence, negligence per se, and gross negligence.

For the reasons set forth in the court's memorandum opinion and order in Courtland II, the court concludes that the defendant's motion to dismiss must be denied with respect to the claims for response costs and declaratory relief under CERCLA, public nuisance, private nuisance, negligence, and gross negligence, and it must be granted with respect to the claim for negligence per se.

### III. Conclusion

For the foregoing reasons, it is ORDERED that the defendant's motion to dismiss (ECF No. 13) is granted as to Count VII for negligence per se and denied as to all other counts.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: September 29, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

18