```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**THE COURTLAND COMPANY, INC.,**
a West Virginia Business
Corporation,

       **Plaintiff,**

v.                                                  Civil Action No. 2:18-cv-01230

**UNION CARBIDE CORPORATION,**
a New York Corporation,

      **Defendant.**

## ORDER

Pending is the plaintiff's motion to seal its unredacted memorandum and certain exhibits in support of its renewed motion for partial summary judgment, filed November 3, 2020 (ECF No. 180).

Under the protective order entered in this matter, any party, non-party, or attorney wishing to use any produced document marked "CONFIDENTIAL" as an exhibit or as evidence in this matter must provide notice to and confer with the producing party before using the document.  See ECF No. 68 at 3.  The parties are to attempt to resolve the issue by reaching an agreement that the document is not confidential and may be used or by creating a mutually acceptable redacted version of the document that may be used.  Id.  If, after conferring, the

parties cannot reach an amicable resolution, they may present the issue to the court, which will then determine whether the document should be withheld from the public record. Id. at 3-4. Additionally, if any party, non-party, or attorney wishes to use or disclose any produced document marked "CONFIDENTIAL" in a filing such as a pleading, motion, or brief, the filing must be submitted under seal until further order of the court or, alternatively, must only refer to the document, separately submitted under seal until further order of the court, without disclosing it. Id. at 4.

The current motion concerns the plaintiff's memorandum in support of its renewed motion for summary judgment, the declaration of the plaintiff's counsel, the declaration of the plaintiff's expert, Dr. D. Scott Simonton, and Exhibits 1, 2, 5, 6, 9, 11, 12, 18, 19, 21, 22, 23, and 24 to Dr. Simonton's declaration.[1] The parties agreed to redacted versions of the plaintiff's supporting memorandum, counsel's declaration, and Dr. Simonton's declaration, see EFC No. 180 at 2; ECF No. 186 at 2, which have been filed on the public docket, see ECF No. 178-

---

[1] The parties agree that Exhibits 3, 4, 7, 8, 10, 13, 14, 15, 16, 17, and 20 to Dr. Simonton's declaration are not confidential and may be filed without sealing them. See ECF No. 180 at 2; ECF No. 186 at 2. Those exhibits are not the subject of the current motion.

2

2; ECF No. 178-3; 179-1.  They also agree that the unredacted versions of those documents, along with the exhibits at issue, should be filed under seal.  See ECF No. 180 at 2; ECF No. 186 at 2-3.

Under the terms of the protective order, because the parties conferred and amicably resolved which documents should be filed under seal, without seal, or with redactions, the court's intervention appears unnecessary.  See ECF No. 68 at 3-4.  To the extent the parties are concerned that the current motion implicates the public's right to access judicial records under the common law or the First Amendment, see Va. Dep't of State Police v. Wash. Post, 386 F.3d 567 (4th Cir. 2004), the court concludes that such a right does not yet inhere because the documents do not constitute judicial records at this stage, see In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283 (4th Cir. 2013); In re Policy Mgmt. Sys. Corp. 67 F.3d 296, 1995 WL 541623 (4th Cir. 1995) (unpublished table decision).[2]  Rather, in the absence of a

---

[2] In addition to the substantive requirements for sealing, a court faced with a request to seal must comply with certain procedural requirements.  See Wash. Post, 386 F.3d at 576.  To the extent the procedural requirements apply in these circumstances, they have been satisfied:  the plaintiff's motion to seal has been made available on the court's public docket; the court has considered less drastic alternatives to sealing and has employed such an alternative, permitting the parties to

3

public right of access, the court need only determine whether there is good cause to file the documents at issue under seal. See Ohio Valley Env't Coal. v. Elk Run Coal Co., Inc., 291 F.R.D. 114 (S.D.W. Va. 2013). The court finds that the parties have shown good cause.

Accordingly, it is ORDERED that the plaintiff's motion to seal its unredacted memorandum and certain exhibits in support of its renewed motion for partial summary judgment (ECF No. 180) be, and hereby it is, granted.[3]

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 18, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

---

file redacted versions of some documents; and the court's reasons for granting the plaintiff's motion are stated herein.

[3] If the sealed documents become subject to a public right of access in the future, the court will entertain requests to unseal them at that time.

4