IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COURTLAND COMPANY, INC.,

        Plaintiff,

v.                                        CIVIL ACTION NO.   2:18-cv-01230

UNION CARBIDE CORPORATION,

        Defendant.

**ORDER**

Before this Court is Defendant Union Carbide Corporation's ("Defendant") Motion to Compel Site Inspection and Permit Soil Sampling.   (ECF No. 164.)   Defendant seeks an order permitting its entry on to Plaintiff The Courtland Company, Inc.'s ("Plaintiff") property pursuant to Federal Rule of Civil Procedure 34(a)(2) to conduct soil sampling according to a "Soil Sampling Plan" it attached to the notice of inspection initially served on August 31, 2020.   (ECF No. 165 at 1; *see* ECF No. 154.)   Plaintiff represents that it "does ***not*** oppose reasonable environmental testing on its property" but objects to Defendant's proposed testing because, it argues, the testing relates not to Plaintiff's claims in this case but to Defendant's counterclaims in another similar case Plaintiff has brought against Defendant and "is designed to inflict maximum burden and inconvenience upon [Plaintiff] and its tenants."   (ECF No. 173 at 1–2 (emphasis in original).)

Even regarding this matter, which does not feature the counterclaims Plaintiff finds objectionable, Plaintiff's first argument is without merit.   "Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case . . . ."   Fed. R. Civ. P. 26(b)(1) (emphasis

supplied).    Plaintiff's claims are based on the alleged migration of hazardous substances

from Defendant's property onto Plaintiff's and contamination of groundwater and other

"environmental media."    (ECF No. 1.)    Plaintiff contends that the focus of Defendant's

soil sampling should be areas at "the perimeter of [Plaintiff's] property bordering or close

to [Defendant's] properties" and that the sampling Defendant has proposed would

evaluate "shallow soils . . . well-above [sic] where any contaminated groundwater is likely

causing harm to [Plaintiff's] property."    (ECF No. 173 at 4–5 (emphasis deleted).)    But

Defendant is entitled to perform its inspection of Plaintiff's property with an eye toward

its own theories of the case—which, principally, assert that Plaintiff's actions or those of

some third party caused the environmental contamination alleged in the complaint.

(ECF No. 21 at 35–37; ECF No. 171 at 33–35.)    Defendant acknowledges that its purpose

in conducting the investigation is "to support its defense in these matters."    (ECF No. 174

at 1.)    It need not tailor its inspection to Plaintiff's version of the facts, which appears to

be precisely what Plaintiff is attempting to force it to do.

Plaintiff's    somewhat    half-hearted    contention    that    Defendant's    proposed

inspection "is likely to cause serious and undue burdens to [Plaintiff] and its tenants"

bears further consideration.    (ECF No. 173 at 5–6.)    Specifically, this Court must

balance "the degree to which the proposed inspection will aid in the search for truth . . .

against the burdens and dangers created by the inspection."    *Belcher v. Bassett*

*Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978).    Plaintiff asserts that the area

Defendant seeks to inspect overlaps with "areas of current tenant operations" on the

property and "will likely require the movement of operational equipment currently in

place and will certainly interfere with ongoing operations."    (ECF No. 173 at 5–6.)    It

has not provided any further detail elaborating the extent of the interference, and its

principal concern is "the lack of clarity" as to the exact sampling locations.   (ECF No. 173-1 at 2.)   Defendant, on the other hand, maintains that "the impact to Plaintiff and its tenant both on the days of the investigation and thereafter is minimal."   (ECF No. 174 at 5.)   It claims that "[t]he hole made by the drilling rig at each sample point is approximately two inches in diameter and will be back-filled with bentonite or excavated soils with the area left in substantially the same condition as before drilling" and that "[t]he total physical space in use at any time should be limited to the roughly ten by ten foot footprint of the drilling rig."   (*Id.*)[1]   Defendant's initial notice of inspection provides for two, and perhaps three, days of testing.   (ECF No. 164-1 at 2.)   Although the inspection can certainly be expected to affect Plaintiff's tenant's operations to some extent, surely the parties and the tenant can confer prior to the inspection to minimize or avoid any material interruption.   The information to be gleaned from the soil sampling and testing relates to the central issues in this case—*i.e.*, whether Plaintiff's property is contaminated and the source of that contamination—and outweighs what at this point appears to be a minor burden on Plaintiff's tenant.   As such, Defendant's Motion to Compel Site Inspection and Permit Soil Sampling (ECF No. 164) is **GRANTED**.

**IT IS SO ORDERED**.

---

1 Plaintiff moves to strike the affidavit on which Defendant bases these statements, as well as an expert report Defendant also cited in its reply brief and the reply brief's argument relying on the affidavit and the expert report.   (ECF No. 176.)   Plaintiff argues that pursuant to Federal Rule of Civil Procedure 6(c)(2) and Southern District of West Virginia Local Rule of Civil Procedure 7.1(a), Defendant must "file supporting documents with [its] motion, rather than [its] reply."   (*Id.* at 3.)   But "affidavits may accompany a reply brief if they support the reply rather than the original motion," which is true in this case.   *Aldridge v. Marion Cty. Coal Co.*, No. 1:17-cv-79, 2017 WL 3446530, at *5 (N.D.W. Va. Aug. 10, 2017).   Defendant used the affidavit and expert report to counter technical arguments about the proposed inspection's relevance and proportionality that Plaintiff made in its response brief, not to introduce new issues to support its motion to compel.   (ECF No. 174.)   And Plaintiff's argument in the motion to strike—which is closer to a sur-reply to the motion to compel—that Plaintiff did not demonstrate "any technical reason or any degree of need for the proposed inspection" is simply absurd given the obvious link between the claims at issue in this action and the information that would be obtained from soil sampling and testing of Plaintiff's property.   Accordingly, Plaintiff's motion to strike (ECF No. 176) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     December 2, 2020

Dwane L. Tinsley
United States Magistrate Judge