```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

THE COURTLAND COMPANY, INC.,
a West Virginia Business Corporation,

       Plaintiff,

v.                                 Civil Action No. 2:18-cv-01230

UNION CARBIDE CORPORATION,
a New York Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are (1) the defendant's objections to, or, in the alternative, motion to strike, the plaintiff's evidence supporting its renewed motion for partial summary judgment, filed on November 25, 2020 (ECF No. 192); (2) the plaintiff's objections to the defendant's evidence submitted in opposition to the plaintiff's motion for partial summary judgment, filed on December 9, 2020 (ECF No. 210); and (3) the defendant's motion to strike the plaintiff's objections to the defendant's evidentiary submission, filed on December 11, 2020 (ECF No. 211).

### I. Background

On November 3, 2020, the plaintiff filed its renewed motion for partial summary judgment on its Count I claim for

recovery of response costs and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g). See ECF No. 178; see also ECF No. 1. The three current motions concern challenges brought by the parties to their opponent's evidence submitted in support of or opposition to the summary-judgment motion.

The defendant's objections or, alternatively, motion to strike challenges the plaintiff's evidence to the extent it relates to the Filmont Site or the UCC Railyard, parcels of real property owned by the defendant that are at issue in a related case, Courtland Co. Inc. v. Union Carbide Corp., 2:19-cv-00894 (S.D.W. Va.). See ECF No. 192. In their briefing on the filing, the parties dispute whether a motion requesting the court to strike portions of a party's evidentiary submission is procedurally proper in the context of a motion for summary judgment. See ECF No. 209; EFC No. 212.

The plaintiff's objections challenge three declarations – from (1) the defendant's expert, Peter de Haven, (2) the defendant's Fed. R. Civ. P. 30(b)(6) corporate designee, Jerome Cibrik, and (3) the defendant's counsel, Patricia Bello – that the defendant submitted in support of its opposition to the plaintiff's summary-judgment motion. See ECF No. 210. The

2

filing is 48 pages and lists objections to 55 statements from the three declarations. See id. For each statement, the plaintiff provides 6 or 7 bases for objecting, so that the filing contains a total of 333 objections. See id. Many of the listed objections contain brief, boilerplate citations to rules of evidence followed by one or a few sentences of explanation. See id. For example, after setting forth the statement objected to, the relevant portion of the eighth objection states as follows:

> Grounds for Objection: Unfair prejudice (Fed. R. Evid. 403); Hearsay without an exception (Fed. R. Evid. 801, 804); Lack of foundation (Fed. R. Evid. 602); Improper expert opinion which is not helpful to the trier of fact (Fed. R. Evid. 702(a)-(d)); not supported by admissible evidence Fed. R. Civ. P. 56(c)(2)); failure to demonstrate affiant is competent to testify. (Fed. R. Civ. P. 56(c)(4)). These statements are not helpful [to] the Court and are too vague for Plaintiff to respond to and are potentially based on improper evidence.

Id. at 8.

In its motion to strike the plaintiff's objections, the defendant argues that separately filed objections, in addition to a party's briefing on a summary-judgment motion, is not contemplated by the Federal or Local Rules of Civil Procedure. See ECF No. 211. The defendant further argues that, even if otherwise proper, the plaintiff's 48-page filing far exceeds the page limitation normally applied to filings of a

similar nature. See id. (citing LR Civ P 7.1(a)(2)). The defendant thus requests the court to strike the plaintiff's objections.

In a separate memorandum opinion and order, the court has denied the plaintiff's renewed motion for partial summary judgment. In so doing, the court did not find it necessary to address any of the plaintiff's evidence challenged by the defendant. Further, the court relied on only ten challenged statements from two of the declarations to which the plaintiff objects.[1] Thus, many of the disputes at issue in the three current motions are now moot.

However, the court addresses herein the plaintiff's objections to the statements the court relied on in denying the plaintiff's motion for partial summary judgment. The court also takes note of the approaching dispositive motions deadline and anticipates that the parties' forthcoming summary-judgment briefing might include evidentiary challenges similar to those raised by the three current motions. In view of the parties' disagreement regarding the procedures for raising such challenges, the court, in the interests of judicial economy,

---

[1] Specifically, the court relied on ¶¶ 7.c, 16, 17, 19, 21, 25, 28.d, and 43 of Mr. de Haven's declaration and ¶¶ 25 and 27 of Mr. Cibrik's declaration.

sets forth the general framework for evidentiary challenges like those currently before the court in the summary-judgment context.

## II. Legal Standard

When, at the summary-judgment stage, a party asserts that materials cited by an opposing party to create a factual dispute would not be admissible at trial, "a motion to strike is no longer the favored (or authorized) method of challenging the inadmissible nature of [the] evidentiary submission[]." Propst v. HWS Co., Inc., 148 F. Supp. 3d 506, 511 (W.D.N.C. 2015); see also 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[4] (2021). Rather, since the 2010 amendments to Rule 56, the proper way to raise such a challenge is to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added); see also id. advisory committee's note to 2020 amendments (explaining that "[t]here is no need to make a separate motion to strike" and that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting").

Under Rule 56(c)(2), "the court may consider . . . the content or substance of [the] otherwise inadmissible materials

5

where . . . 'the party submitting the evidence shows that it will be possible to put the information into an admissible form.'" Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 790 F.3d 532, 538 (4th Cir. 2015) (internal brackets and ellipsis omitted) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed. 2015)). "If [a party] objects to the court's consideration of 'material cited to support or dispute a fact,' the [proponent] has the burden 'to . . . explain the admissible form that is anticipated.'" Id. at 538-39 (internal citations omitted) (quoting Fed. R. Civ. P. 56(c)(2) and advisory committee's note to 2010 amendments).

However, blanket objections to the entirety of an opponent's evidentiary submission are plainly insufficient, and the court is not obliged to consider them. See Halebian v. Berv, 869 F. Supp. 2d 420, 443 n.24 (S.D.N.Y. 2012). Such objections impermissibly impose on the proponent of that evidence the task of advancing all possible grounds for admission, while imposing on the court the task "recognizing and then weighing the merit of all of the contrary grounds for exclusion, none of which the objecting party has deigned to bring to its attention." Id.; see also Hoffman v. Bailey, 257 F. Supp. 3d 801, 824 (E.D. La. 2017) ("It is not the [c]ourt's responsibility to comb through the record to determine the basis

6

for [the objecting party]'s cursory objections or to make arguments on [its] behalf."); Haack v. City of Carson City, No. 3:11-cv-00353-RAM, 2012 WL 3638767, at *6 (D. Nev. Aug. 22, 2012) (objections should not require the court to "engage in an exercise of postulating how each of [the challenged materials] is objectionable"). For much the same reasons, unexplained, boilerplate objections to large swathes of evidence are also insufficient and do not warrant consideration. See Sandoval v. Cty. of San Diego, 985 F.3d 657, 665 (9th Cir. 2021) (holding that district court's decision to sustain "boilerplate one-word objections" amounted to an abuse of discretion); W. Pac. Elec. Co. Corp. v. Dragados/Flatiron, ___ F. Supp. 3d. ___, 2021 WL 1534472, at *6 (E.D. Cal. Apr. 19, 2021) (refusing to consider "'boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence'" (quoting Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013))). Such objections are particularly unworthy of the court's attention when they are presented in a voluminous filing containing numerous objections. See Capitol Records, LLC v. BlueBeat, LLC, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) ("In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised" when "many of the

objections are boilerplate . . . or blanket objections[.]" (internal quotation marks omitted)).

Rather, to merit consideration, objections, at a minimum, must specify the material being challenged and state the basis for the objection with sufficient particularity and explanation to permit the court to rule. See Sandoval, 985 F.3d at 666 ("unexplained generalized objections" that leave the court "guessing at the arguments underlying them" are "insufficient"); Sanders v. Callender, No. DKC 17-1721, 2019 WL 3717868 (D. Md. Aug. 6, 2019) ("bare assertions that the materials . . . are inadmissible without explanation as to why each individual item is ineligible for submission" are not enough); Reinlasoder v. City of Colstrip, No. CV-12-107-BLG-SHE-CSO, 2013 WL 6048913, at *7 (D. Mont. Nov. 14, 2013) ("[O]bjections . . . must be stated with enough particularity to permit the [c]ourt to rule.").

Although the Rules Committee made clear in the 2010 amendments to Rule 56 that objecting, rather than filing a motion to strike, is the correct way to challenge the admissibility of submitted materials' content at the summary judgment stage, it did not specify any procedural method for raising such objections. This has left courts and litigants in the lurch. See generally 11 Moore, supra, § 56.91[5]-[6]. One

8

method of raising objections is to allow the objecting party to present them in a separate filing, as the plaintiff has done in this case, and to permit briefing on the objections separately from the parties' summary-judgment briefing.  See id.  The problem with this method is that it may be abused as a means of circumventing the page limitations and deadlines otherwise applicable to summary-judgment motions and briefs.  See id.  Another method is for the objecting party to include its objections, and the proponent to include responses thereto, within the parties' summary-judgment briefing.  See id.  This method permits the parties to easily follow, and the court to easily enforce, existing page limitations and deadlines, but it has the drawback of likely prompting the parties to seek leave to file sur-replies.[2]  This court has not, by Local Rule or otherwise, selected a method for litigants to raise Rule 56(c)(2) objections.

---

[2] In many cases, the party defending against summary judgment will submit its evidence at the time it files its responsive brief.  Thus, if parties must raise Rule 56(c)(2) objections in their summary-judgment briefing, the party moving for summary judgment will likely have the first opportunity to raise its objections in its reply brief, and the non-movant would require a sur-reply to respond to the objections.  See 11 Moore, supra, § 56.91[6].

III. Discussion

As the defendant observes, neither the Federal Rules nor the Local Rules expressly authorize the plaintiff to submit its Rule 56(c)(2) objections in a separate filing. And, as the defendant points out, the plaintiff's 48-page filing far exceeds the 20-page limitation placed on memoranda in support of motions, including motions to strike, which Rule 56(c)(2) objections are intended to replace in the summary-judgment context. See LR Civ P 7.1(a)(2). The court further notes that the plaintiff should be aware of the page limitation, as it asked for the court's leave to file a 35-page memorandum in support of its motion for partial summary judgment, see ECF No. 179, and has asked for similar relief in this matter on three previous occasions, see ECF No. 24; ECF No. 78; ECF No. 159.

The court believes that the plaintiff's filing of a separate 48-page objection without authorization from the court or the Federal or Local Rules might well be characterized by some as abusive. See 11 Moore, supra, § 56.91[5]. However, Rule 56(c)(2) does contemplate that the kind of evidentiary challenge raised by the plaintiff will be accomplished through objection, not a separate motion. And the Local Rules' page limitation applies expressly to memoranda filed in conjunction with motions, not to objections. See LR Civ P 7.1(a)(2). For

these reasons and because, as explained more fully hereafter, plaintiff's objections may be disposed of on other grounds, the court declines to decide the objections on the ground that they are presented in an unauthorized or improper filing.

Going forward, however, the court directs the parties to present any Rule 56(c)(2) objections they may wish to raise as follows:

1. The party defending against summary judgment shall separately file objections no later than the date on which it files its response brief. The moving party shall separately file a response to these objections, if any, no later than the same date it files its reply brief.

2. The party moving for summary judgment shall separately file objections no later than the date on which it files its reply brief. The party defending against summary judgment shall separately file a response to these objections, if any, no later than 7 days after the moving party files its reply brief.

3. No replies in support of the objections are permitted except by leave of the court.

4. The objections and responses thereto are limited to 15 pages and must otherwise conform to the rules for formatting memoranda found in LR Civ P 7.1(3)-(4). Motions to exceed this page limitation will be denied absent a showing of good cause.

Moving on to the objections themselves, the court, as explained earlier, relied on only ten statements – eight from Mr. de Haven's declaration and two from Mr. Cibrik's declaration – challenged by the plaintiff in deciding the plaintiff's summary-judgment motion. Having reviewed the plaintiff's

objections to these statements (i.e., Objection Nos. 3, 15, 16, 17, 18, 22, 34, 46, 49, and 50), the court concludes that the basis for the objections are not stated with sufficient particularity and explanation to permit the court to rule on them. Further, the fact that the objections are presented in a voluminous filing along with numerous other vague, unexplained, boilerplate objections weighs heavily against their consideration by the court. For these reasons, the court overrules the plaintiff's objections to the portions of the declarations the court relied on in deciding the plaintiff's motion for summary judgment.[3]

As explained earlier, the challenges raised to the plaintiff's evidence by the defendant's alternative objections or motion to strike are moot, and the filing may thus be overruled or denied. The plaintiff's objections to the statements the court did not rely on in deciding the plaintiff's motion for partial summary judgment are also moot, and the objections may thus be overruled. Because the court overrules the plaintiff's objections, the defendant's motion to strike the

---

[3] Additionally, having reviewed the objections, they appear overwhelmingly to present arguments regarding the weight a factfinder should give to the ten statements at issue rather than regarding whether the statements are capable of being offered in an admissible form at trial.

objections is moot.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. the defendant's objections to, or, in the alternative, motion to strike (ECF No. 192) be, and hereby it is, overruled and denied as moot;

2. the plaintiff's objections (ECF No. 210) be, and hereby they are, overruled; and

3. the defendant's motion to strike (ECF No. 211) be, and hereby it is, denied as moot.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 25, 2021

John T. Copenhaver, Jr.
Senior United States District Judge