UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE COURTLAND COMPANY, INC.,

      Plaintiff,

v.                            Civil Action No. 2:18-cv-01230
                                   Civil Action No. 2:19-cv-00894

UNION CARBIDE CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      Pending are Defendant Union Carbide Corporation's ("UCC") (1) Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Consolidated Motion for Summary Judgment (ECF Nos. 361, 411) and (2) Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment On UCC's Counterclaims (ECF 410), both filed April 11, 2022. Plaintiff The Courtland Company, Inc. ("Courtland") responded in opposition to both motions on April 14 and 17, 2022. (ECF Nos. 365, 414).

## I.  Discussion

Regarding UCC's first motion, it contends Courtland's reply brief presents new arguments and materials which it did not present in its original consolidated motion, namely, relying on <u>Utility Solid Waste Activities Group v. EPA</u>, 901 F.3d 414 (D.C. Cir. 2018), in support of its contention that Filmont is regulated by the Resource Conservation and Recovery Act ("RCRA") as opposed to the Comprehensive Environmental Cleanup and Compensation Act ("CERCLA").  UCC's proposed sur-reply attempts to distinguish the case cited by Courtland.

As Courtland correctly states in its response to the subject motion, however, Courtland did not raise a "new argument" in its reply brief by citing to <u>Utility Solid Waste Activities Group</u>.  Instead, Courtland's reliance on the same was in direct response to UCC's contention in its response brief that Filmont is not regulated under RCRA.  This is an insufficient ground upon which to permit UCC to file a sur-reply.  <u>See</u> <u>Equal Emp't Opportunity Comm'n v. Freeman</u>, 961 F. Supp. 2d 783, 801 (D. Md. 2013) ("Where the arguments raised by [d]efendants in their reply brief are merely responses to new arguments made by [p]lainitffs in their response, a sur-reply is not appropriate"); <u>see</u> <u>also</u> <u>Nader v. Blair</u>, Civil No. WDQ-06-2890, 2007 WL 6062652, *4 (D. Md. Sept. 27, 2007)(concluding

that the desire to interpret a case introduced in a reply brief
is an insufficient ground for a sur-reply).

UCC further contends that Courtland's reply brief
"also includes, and is largely premised on, several
misstatements of the record, the law, and UCC's positions."  ECF
411 at 2.  However, UCC's proposed sur-reply on these points
appear to only reassert arguments it has already made in its
response brief, namely, that Courtland (1) has no evidence to
support its assertion that Filmont presents an imminent and
substantial endangerment, and (2) is not entitled to injunctive
relief.  Such reassertions do not warrant the filing of a sur-
reply.  Accordingly, UCC's first motion for leave to file sur-
reply in opposition to Courtland's consolidated motion for
summary judgment is denied.

Respecting UCC's second motion, it contends a sur-
reply is necessary to permit UCC to respond to "several blatant
misstatements of the record, the law, and UCC's positions"
purportedly contained in Courtland's reply to UCC's brief in
opposition to Courtland's motion for summary judgment on UCC's
counterclaims.  ECF 410 at 2.  UCC's proposed sur-reply appears
to note instances where Courtland allegedly misquotes and
mischaracterizes deposition testimony contained in the record.
The court, however, is capable of identifying any misstatements

of the record on its own accord and again concludes such contentions do not warrant the filing of a sur-reply.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Prince George's Cnty.</u>, No. DKC 07–2591, 2012 WL 3012573, at *4 (D. Md. July 20, 2012) (refusing to permit sur-reply offered to identify manner in which reply "'mischaracterize[d]' the arguments ... presented in opposition"); <u>Khoury v. Meserve</u>, 268 F. Supp. 2d 600, 606 (denying the plaintiff's motion for leave to file a sur-reply in order "to correct what [the plaintiff] perceive[d] to be defendant's misrepresentations" of the record and the law); <u>Thomas v. Artino</u>, 723 F.Supp.2d 822, 833 n. 2 (D. Md. 2010) (declining to consider a sur-reply that sought to address "Plaintiff's misstatements of facts and law raised for the first time in [the] reply memorandum").  Accordingly, UCC's second motion for leave to file sur-reply in opposition to Courtland's motion for summary judgment on UCC's counterclaims is denied.

## II.  Conclusion

Based on the foregoing, it is ORDERED that UCC's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Consolidated Motion for Summary Judgment (ECF Nos. 361, 411) and UCC's Motion for Leave to File Sur-Reply in Opposition to

Plaintiff's Motion for Summary Judgment On UCC's Counterclaims (ECF 410) be, and hereby are, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 29, 2022

John T. Copenhaver, Jr.
Senior United States District Judge