UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COURTLAND COMPANY, INC.,

    Plaintiff,

v.                                                        CIVIL ACTION NO. 2:18-cv-01230

UNION CARBIDE CORPORATION,

    Defendant.

**ORDER**

This matter is before the Court on the Motion to File Under Seal [ECF No. 524] and Motion for Award of Expenses Incurred in Responding to Third-Party Discovery [ECF No. 525] filed in this matter on February 22, 2024 by non-party Jacobs Engineering Group, Inc. ("Jacobs"). Plaintiff The Courtland Company, Inc. ("Courtland") filed a timely response brief opposing the relief requested on March 7, 2024. [ECF No. 527]. Jacobs filed its reply brief thereafter on March 14, 2024. [ECF No. 528]. Consequently, the motions are ripe for adjudication. For the reasons set forth herein, Jacobs's request for relief is **DENIED**.

I.

On November 1, 2019, Courtland served two civil subpoenas on Jacobs; the first subpoena commanded the production of documents, and the second subpoena commanded the 30(b)(6) deposition of a Jacobs representative. [ECF Nos. 109; 110; 114-

1; 114-2]. Jacobs moved to quash Courtland's subpoenas on November 14, 2019. [ECF Nos. 114; 115]. Following negotiations between counsel for Courtland and Jacobs, the motion to quash was withdrawn and the Court entered an Order denying it as moot on June 3, 2020. [ECF Nos. 135; 136]. According to Jacobs, it then produced approximately 100,000 documents in response to the subpoena *duces tecum*. [ECF No. 526 at 3]. However, a dispute then arose between Courtland and Jacobs regarding the adequacy of Jacobs's production, and on August 18, 2020, Courtland filed a motion to compel Jacobs's full and complete compliance with the subpoena *duces tecum*. [ECF No. 148]. Therein, Courtland raised three objections: (1) Jacob's production of responsive information was partially incomplete; (2) Jacobs failed to produce responsive information in an appropriate electronic file format; and (3) responsive information was partially redacted, withheld, and/or marked as confidential without being accompanied by a corresponding privilege log. *Id*.

The undersigned held a Telephonic Status Conference on the motion to compel on February 4, 2021. [ECF No. 236]. Present were attorneys Gene W. Bailey on behalf of Jacobs, Michael O. Callaghan on behalf of Courtland, and Patricia M. Bello and Martin A. Shelton on behalf of Defendant. [ECF No. 236]. At the Status Conference, Mr. Callaghan reported to the Court that Jacobs had substantially responded to the subpoena *duces tecum* after Courtland filed its motion to compel, and that the only outstanding issue was Courtland's request that Jacobs produce a privilege log and a redaction log (together, the "privilege logs") for responsive materials that Jacobs withheld or redacted from its production. [Hearing Audio at 00:04:30 - 00:05:26]. Mr. Callaghan stated Courtland's agreement to withdraw its motion to compel upon receipt of the requested privilege logs

2

from Jacobs. *See id*. In response, Mr. Bailey stated Jacobs's agreement to serve the privilege requested logs by March 5, 2021, and agreed that serving these logs should conclude Jacobs's pretrial involvement in this case. [Hearing Audio at 00:05:26 – 00:10:11]. The undersigned expressly instructed Mr. Bailey that he was not to "wait until the last minute," and that he was required to inform the Court of any issues related to compliance with the subpoena immediately; in response, Mr. Bailey agreed to do so. *Id*. In turn, the Court required Mr. Callaghan to inform the Court by March 10, 2021, if the motion was being withdrawn based upon completion of Jacob's production as agreed. [Hearing Audio at 00:10:11 – 00:10:54].

The undersigned then expressly asked counsel for Jacobs and Courtland whether these agreements resolved everything to do with the subpoena dispute, or whether there was "anything further that we need to discuss today." [Hearing Audio at 00:10:54 – 00:11:12]. In response, Mr. Bailey stated as follows:

> We [Jacobs] have nothing further for the Court, Your Honor. I think that we have been able to work together with Courtland's attorneys, and Union Carbide's attorneys, to get this massive task accomplished, and we appreciate the Court's participation and guidance through this whole process.

[Hearing Audio at 00:11:12 – 00:11:43]. In turn, Mr. Callaghan then confirmed that he believed that the agreement would resolve the outstanding issues on Courtland's motion to compel, and stated that he would report to the Court by March 10, 2021, at which time he would "hopefully . . . then be withdrawing the motion." [Hearing Audio at 00:11:43 – 00:12:14]. Drawing the hearing to conclusion, the undersigned asked counsel present *a second time* if there was *anything further* that needed to be addressed, specifically stating the following:

> All right. Is there anything further that we need to address? I'm relying on you gentlemen to keep the Court abreast of what's going on. It appears that maybe the items that I had listed that was outstanding will be resolved by Mr. Bailey providing this information by March the 5th, and that should take care of everything. But if there's something that is not addressed that needs to be addressed, I would advise counsel to notify the Court immediately. Do not wait until the last minute, because I want this motion to be resolved no later than the end of March [2021]. So this thing has to be done before the end of March [2021]. So we have some time there, but I want to get it done as soon as possible.

[Hearing Audio at 00:12:15 – 00:13:13]. Counsel stated that they understood, they were in agreement, and that they had nothing further. *Id.* Lastly, the undersigned stated for *a third and final time*, "I think that is all, unless somebody else has something they want to raise before we conclude." *Id.* Mr. Bailey then expressly responded, "Nothing from Jacobs, Your Honor." [Hearing Audio at 00:13:13 – 00:13:30]. The hearing then adjourned. [Hearing Audio at 00:13:30 – 00:13:44].

Pursuant to the agreement of Jacobs and Courtland at the February 4, 2021 Telephonic Status Conference before the undersigned, Courtland moved to withdraw the subject motion to compel Jacobs's compliance with the subpoena *duces tecum* on March 10, 2021. [ECF No. 247]. Therein Courtland explained that Jacobs's counsel represented "that it has produced all responsive documents and logs[.]" *Id.* The undersigned entered an Order on March 11, 2021, denying Courtland's motion to compel as moot. [ECF No. 247]. As neither Jacobs nor Courtland raised any further issues regarding the subpoenas prior to March 31, 2021, as the undersigned expressly instructed at the February 4, 2021 hearing, the dispute was thus fully resolved. Ultimately, an extensive bench trial was held before the presiding District Judge beginning on July 6, 2022, and judgment was entered in this civil action on September 28, 2023. [ECF Nos. 457-464; 504].

Jacobs filed the subject Motion to File Under Seal [ECF No. 524] and Motion for Award of Expenses Incurred in Responding to Third-Party Discovery [ECF No. 525] in this matter on February 22, 2024. Despite the undersigned's express caution that all issues relating to Courtland's subpoena *duces tecum* to Jacobs should be brought to the Court's attention by "no later than the end of March" 2021, Jacobs waited an astounding 1,058 days—just short of three years—to raise its request for an award of the costs it incurred in responding to the subpoena *duces tecum*.

II.

Rule 45 of the Federal Rules of Civil Procedure contains a provision titled "Protecting a Person Subject to a Subpoena." Fed. R. Civ. P. 45(d). This Rule requires the Court to impose an appropriate sanction on a party or attorney who fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Likewise, the Rule provides that, "[o]n timely motion, the Court . . . must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). *See also id.* at 45(d)(2)(B). Pursuant to this language, federal district courts are thus authorized "[i]n certain circumstances . . . to shift the costs of discovery from a producing non-party to the party seeking production." *Lee v. Va. State Bd. of Elections*, 3:15-cv-357, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016) (citing *Hinterberger v. Catholic Health Sys.*, 924 F. Supp. 2d 607, 624 (D. Md. 2013)).

In *Lee*, the Virginia Department of Motor Vehicles ("DMV"), a non-party, sought reimbursement for costs it incurred in responding to the *Lee* plaintiffs' subpoena for voter-ID records. *Id*. While the DMV originally objected on the grounds that production

of the information sought would be unduly burdensome, ultimately it withdrew the objection and agreed to produce about 43 million records. *Id.* Subsequently, "several months after the DMV completed production in response to [the *Lee* plaintiffs'] subpoena, the DMV argue[d] that it [wa]s entitled to reimbursement for the costs of production" under Rule 45 of the Federal Rules of Civil Procedure. *Id.* at *2. The DMV reasoned that Rule 45 "protects persons subject to a subpoena from undue burden or expense, and therefore [it was] entitled to reimbursement for its compliance with [the *Lee* plaintiffs'] unduly burdensome production request." *Id.* The U.S. District Court for the Eastern District of Virginia denied the DMV's motion, finding that "the DMV waived the protections of FRCP 45 by voluntarily complying with the subpoena." *Id. See also Clark v. Quesinberry*, 7:20-cv-57, 2021 WL 5238600, at *1 (W.D. Va. Mar. 15, 2021) ("When a nonparty voluntarily complies with a subpoena, it loses the right to challenge the issuing party's alleged failure to avoid imposing undue burdens or expenses."); *In re Am. Kidney Fund, Inc.*, 17-cv-1787, 2019 WL 1894248, at *4 (D. Md. Apr. 29, 2019) (explaining that "Rule 45(d)(2)(B) does not apply . . . if the responding party objects to, but then produces the discovery requested prior to the court issuing an order requiring such production"); *DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 626 (E.D. Va. 2010) (ruling that "recovery through reimbursement under Rule 45 is not proper as [non-party] Qualcomm voluntarily complied with the subpoena without conditioning its compliance on reimbursement").

III.

Regardless of Jacobs's argument that "Rule 45(d)(2)(B) imposes no specific deadline to seek expenses related to compliance with a third-party subpoena," [ECF No. 528 at 3], it is clear from the record that Jacobs has long since waived its pursuit of expenses and fees associated with responding to the subpoena *duces tecum* Courtland originally served on November 1, 2019. In fact, the circumstances in the matter *sub judice* are strikingly similar to those in the *Lee* case discussed above. Just like the DMV in *Lee*, here Jacobs seeks to rely on the cost-shifting power in Rule 45 to argue that it is entitled to reimbursement for the costs of production. Just as the Eastern District of Virginia explained in *Lee*, however, Jacobs waived the protections of Rule 45 by voluntarily complying with Courtland's subpoena. *Id.*

In its brief, Jacobs expressly acknowledges that to be entitled to the relief sought, it is required to demonstrate that Courtland "was on notice that the non-party would seek costs." [ECF No. 526 at 7]. Jacobs did discuss the costs involved in providing a response in its November 14, 2019 motion to quash. [ECF Nos. 114; 115]. Despite being expressly aware of these issues, however, Jacobs withdrew its motion to quash and chose not to seek fees or costs at that time. In other words, it voluntarily complied with the subpoena without conditioning its compliance on reimbursement.

In fact, Jacobs's own conduct reflected the exact opposite. This finding is supported by the undersigned's thorough examination of counsel for Courtland and Jacobs at the February 4, 2021 Telephonic Status Conference regarding the scope of the dispute between Courtland and Jacobs. Jacobs's counsel was clear at the Telephonic Status Conference that Jacobs and Courtland had worked together to reach a voluntary

7

resolution and that Jacobs's involvement in this matter would be concluded upon serving the March 5, 2021 privilege logs, with nothing further needing to be raised in relation to Courtland's subpoena *duces tecum*.

The undersigned was no less clear to Jacobs's counsel that everything related to the subpoena was to be resolved by no later than March 31, 2021. In fact, the undersigned expressly instructed counsel for Jacobs to not wait until the last minute to raise any issues with the Court, and asked Jacobs's counsel *three times* whether there was anything else that needed to be brought to the Court's attention regarding compliance with the subpoena *duces tecum* at issue. Counsel's response was a clear, undeniable "no." Jacobs's decision to raise this issue virtually out of the blue nearly *three years later* is patently unreasonable under the circumstances and in no way satisfies a showing that Jacobs "indicate[d] its intention to seek costs before, and as a condition of, responding." [ECF No. 526 at 7 (citing *Tutor-Saliba Corp v. United States*, 32 Fed. Cl. 609, 611 (Fed. Cl. 1995).].

IV.

In light of the foregoing, **IT IS ORDERED** as follows:

(1)　Jacobs's Motion for Award of Expenses Incurred in Responding to Third-Party Discovery [ECF No. 525] is **DENIED**;

(2)　Jacobs's Motion to File Under Seal [ECF No. 524] is **DENIED**; and

(3)　The Clerk is hereby **DIRECTED** to **STRIKE** from the record Jacob's Motion to File Under Seal, Memorandum in Support, and attendant exhibits related thereto [ECF Nos. 524; 524-1; 524-2; 525-5] as irrelevant.

**IT IS SO ORDERED**.

The Clerk is further **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 20, 2024

Dwane L. Tinsley
United States Magistrate Judge